1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAROLE OBERLOH,

               Plaintiff,

    v.

GIORGIO ARMANI CORP., a New York
corporation;

               Defendant.

NO.   2:18-cv-1729 RSL

AGREED STIPULATION AND
ORDER TO AMEND COMPLAINT
AND ADJUST THE COURT'S
SCHEDULING ORDER

**STIPULATION**

COME NOW the parties by and through their counsel of record and stipulate as follows:

1) To amend the complaint to add a Fifth Cause of Action and correct a minor omission as

reflected in the Second Amended Complaint, with underlined additions, a copy of which

is attached hereto.

2) To jointly move the Court to amend the Minute Order Setting Trial Date and Related Dates

(Docket No. 15) to continue the Discovery completion date and all subsequent deadlines

including the Trial Date in this matter by 90 days.  Good cause for the change in Trial Date

AGREED STIPULATION AND ORDER TO AMEND
COMPLAINT AND ADJUST THE COURT'S
SCHEDULING ORDER – p. **1**

2:18-cv-1729 RSL

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969  Fax: 860-3172

is as follows:  The parties have engaged in extensive written discovery that has been complicated by related matters. Depositions in this case have not yet begun due in part to the extensive nature of the written discovery. Counsel anticipate that scheduling conflicts may further delay the taking of depositions of witnesses in multiple states. The parties are also exploring potential alternative dispute resolution and wish to focus their immediate efforts to this task before expending additional resources on litigation.  However if the matter does not resolve, additional discovery motions practice and depositions will be needed to prepare for trial.

DATED this 4th day of September, 2019.

TELLER & ASSOCIATES, PLLC              JACKSON LEWIS P.C.

By:_____
Stephen A. Teller, WSBA No. 23372
steve@stellerlaw.com
Attorneys for Plaintiff

By:_____
Michael Griffin, WSBA # 29103
Sherry L. Talton, WSBA #42780
Attorneys for Defendant
520 Pike Street, Suite 2300
Seattle, WA 98101
(206) 405-0404
michael.griffin@jacksonlewis.com
Sherry.talton@jacksonlewis.com

**ORDER**

IT APPEARING TO THE COURT from the endorsement of counsel that the parties have stipulated to the following order:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Second Amended Complaint may be filed within five court days of this Order.

AGREED STIPULATION AND ORDER TO AMEND
COMPLAINT AND ADJUST THE COURT'S
SCHEDULING ORDER – p. 2

2:18-cv-1729 RSL

**Teller & Associates, PLLC**
1139 34ᵗʰ Ave, Suite B
Seattle, WA  98122
(206) 324-8969  Fax: 860-3172

AND FURTHER that good cause exists for a 90 day continuance of Discovery completion, Trial, and related dates, and the Clerk is hereby Ordered to adjust said dates by 90 days or such similar time as to fit with the Court's existing trial schedule.

DONE IN OPEN COURT this 5ᵗʰ day of September, 2019.

_____
The Honorable Robert S. Lasnik
United States District Court Judge

AGREED STIPULATION AND ORDER TO AMEND
COMPLAINT AND ADJUST THE COURT'S
SCHEDULING ORDER – p. 3

2:18-cv-1729 RSL

**Teller & Associates, PLLC**
1139 34ᵗʰ Ave, Suite B
Seattle, WA  98122
(206) 324-8969  Fax: 860-3172

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROLE OBERLOH,<br><br>                    Plaintiff,<br><br>     v.<br><br>GIORGIO ARMANI, CORP., a New York<br>corporation;<br><br>                    Defendants. | NO.  2:18-cv-1729<br><br><u>SECOND</u> AMENDED COMPLAINT<br>FOR DAMAGES<br><br>(JURY DEMANDED) |

## <u>Jurisdiction and Venue</u>

1.    This is a civil rights lawsuit seeking damages for racial, age and gender discrimination,

hostile work environment, failure to promote, and the wrongful termination of the employment of

Plaintiff Carol Oberloh.  It includes an Equal Pay Act Claim.

2.    Jurisdiction is proper pursuant to 28 U.S.C. § 1331 as Plaintiff alleges claims that

comprise federal questions.

3.    This Court has jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

**SECOND AMENDED COMPLAINT FOR DAMAGES - 1**          **Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969  Fax: 860-3172

1    4.    Venue is proper in the Western District of Washington under 28 U.S.C. § 1391(b) because

2    the acts and omissions complained herein occurred in the District and Defendant conducts

3    business here.

4    5.    Plaintiff filed a complaint with the Equal Employment Opportunity Commission on or

5    around November 22, 2017, was issued a notice of right to sue on September 24, 2018, and files

6    this claim within 90 days of receipt of that notice, thereby complying with all administrative

7    preconditions of suit under Title VII of the 1964 Civil Rights Act.

8    **<u>PARTIES</u>**

9    6.    Plaintiff was employed by Defendant in Snohomish County, Washington State, from

10    approximately November 21, 2013 until approximately March 27, 2018 when her employment

11    was terminated by action of Defendant.

12    7.    At all times relevant hereto, Defendant was a foreign corporation registered in New York,

13    and doing business in Snohomish County, Washington State, within this judicial district.

14    8.    At all times relevant times, Defendant continually had over 500 employees and was an

15    employer engaged in an industry affecting commerce.

16    **<u>FACTUAL ALLEGATIONS</u>**

17    9.    Plaintiff is a Hispanic and African-American woman, age 50-54 years old during her

18    employment.

19    10.    Defendant treated Plaintiff differently and worse than similarly-situated employees based

20    on her protected classes and protected activities. Defendant also discriminated and retaliated

21    against Plaintiff by creating a hostile work environment and ultimately terminating her

22    employment. Finally, it paid her less than men for the same or equal work.

23

**SECOND AMENDED COMPLAINT FOR DAMAGES - 2**    **Teller & Associates, PLLC**
1139 34ᵗʰ Ave, Suite B
Seattle, WA 98122
(206) 324-8969  Fax: 860-3172

1    11.    Soon after her employment began, Plaintiff was subjected to harassment by Javier

2    Herrera. After Plaintiff reported Herrera for stealing jewelry to General Manager Rachel Olsen,

3    who informed Herrera that Plaintiff had reported him, Herrera became oppositional with Plaintiff

4    and refused or ignored her instructions and requests thereafter.

5    12.    Herrera used racial language towards Plaintiff, calling her "nigger."

6    13.    When Plaintiff reported this behavior to Olsen, Olsen told Plaintiff to go have drinks with

7    Herrera to try to smooth things over.

8    14.    In February 2014, Plaintiff reported Herrera's behavior to Defendant's "Silent Witness

9    Program."

10   15.    This Program is supposed to protect the identity of employees who make the reports and

11   states or implies a promise of non-retaliation.

12   16.    A day later, Olsen told Herrera that Plaintiff reported him. Later that day, Herrera

13   confronted Plaintiff, physically shoved her and called her "nigger."

14   17.    Plaintiff reported this incident to Defendant's HR Department and the Regional Manager,

15   Chris Eytcheson.

16   18.    Herrera continued harassing Plaintiff thereafter.

17   19.    In April 2014, Olsen left the company. For the next two months, Plaintiff took on all of

18   the duties and responsibilities of the GM. During this time, Plaintiff received no raise, increased

19   benefits, or title change.

20   20.    In June 2014, Donny Allen was hired as the second GM. During Allen's time at the store,

21   he engaged in time-fraud, shredded paperwork inappropriately, and stole money from the store.

22   Plaintiff reported his behavior to Regional Manager Eytcheson. After Plaintiff made this report,

23   Allen, in retaliation, wrote up Plaintiff for frivolous infractions.

**SECOND AMENDED COMPLAINT FOR DAMAGES - 3**          **Teller & Associates, PLLC**
                                                      1139 34th Ave, Suite B
                                                      Seattle, WA  98122
                                                      (206) 324-8969  Fax: 860-3172

1    21.   In December 2015, Herrera was transferred to another Armani store in the area.  Despite

2   his knowledge of Herrera's conduct alleged above, instead of reprimanding Herrera, Eytcheson

3   gave Herrera a raise.

4    22.   Allen continued to retaliate against Plaintiff because she reported his behavior to his

5   superior. Allen would fabricate incidents in order to write up Plaintiff.

6    23.   In May, 2016, Allen resigned from the store. Plaintiff once again took on the

7   responsibility of GM and was not compensated for the additional work or duties.

8    24.   In August 2016, Aaron Peitsch was the third GM hired to work at the store. At the

9   beginning of his stay, he was aggressive with Plaintiff and would often micromanage her work

10   and critique her efficiency. When Plaintiff told Peitsch about everything that had happened to her

11   since she started working for Defendant, Peitsch stated that Eytcheson had warned him about

12   Plaintiff.

13    25.   Also in August 2016, a co-worker told Plaintiff that Herrera was harassing three women at

14   the other store. All three women were employees and the harassment was unwelcome.

15    26.   Plaintiff reported Herrera's behavior to Peitsch and Eytcheson.

16    27.   Eytcheson told Plaintiff it wasn't her problem.

17    28.   Plaintiff was aware that Herrera continued working at that store without investigation or

18   disciplinary action, and that all three women eventually quit because of his behavior.  These

19   factors contributed to the hostile working environment she experienced.

20    29.   In September 2016, Manager of Human Resources Courtney Hahn sent a letter to Plaintiff

21   stating that her complaints against Allen and Herrera are moot because they no longer work at the

22   store. This was almost two years after Plaintiff's initial report about Herrera and over a year after

23   Plaintiff's report about Allen.

**SECOND AMENDED COMPLAINT FOR DAMAGES - 4**      **Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA 98122
(206) 324-8969  Fax: 860-3172

30.   In May 2017, Peitsch resigned from his position. Before he left he admitted to Plaintiff that his upper Management's instructions were to treat her differently and worse than he would have done on his own, including frivolous discipline.

31.   For the next seven months, Plaintiff took on the duties and responsibilities of GM and once again received nothing in return. Plaintiff asked for compensation for this work, but was told that the store couldn't afford it because of losses over the last couple years. During these seven months, the store had its greatest profits by a large amount.

32.   In June 2017, Plaintiff applied and interviewed for the GM position. She was interviewed by Eytcheson and an HR employee. A co-worker also got an interview with Eytcheson and someone in HR, and the co-worker was also interviewed by the Vice President of the Corporate offices in New York, JP Carrera. The co-worker was a man under 40 who had less experience than Plaintiff.

33.   In July 2017, a co-worker confided with Plaintiff that she was sexually assaulted by Herrera. Plaintiff quickly reported this to Eytcheson.

34.   Sometime in the fall of 2017, HR Manager Hahn questioned Plaintiff about the sexual assault. Plaintiff told the facts as she knew them, which facts supported the co-worker, as referenced herein. Hahn then told Plaintiff to not say anything to the police or any investigators about the subject. The co-worker filed a charge with the EEOC and Plaintiff agreed to be a witness in the investigation.

35.   In November 2017, Michael Dardar was hired as store General Manager above Plaintiff.

36.   Also in November 2017, Eytcheson, in retaliation to Plaintiff's reports and assistance with the EEOC investigation, subjected Plaintiff to discipline for frivolous reasons. Plaintiff was stripped of her duties and Management stopped including her on email communications.

**SECOND AMENDED COMPLAINT FOR DAMAGES - 5**

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969  Fax: 860-3172

1    37.   In or around the end of November or the beginning of December 2017, Plaintiff filed a

2    charge of her own with the EEOC due to the retaliation and harassment she received in the

3    workplace.

4    38.   In December 2017, Dardar confided to a co-worker that he was keeping a close eye on

5    Plaintiff, subjecting her to closer scrutiny.

6    39.   The co-worker reported this to Plaintiff, contributing to the hostile working environment.

7    40.   Since beginning work in 2013, Plaintiff could not work past 9:00pm because she needed

8    to take a ferry home. If she missed this ferry, her commute would become two hours longer.

9    Eytcheson was aware of this and it was never a problem until after her EEOC charge.

10   41.   In December 2017, Dardar insisted that Plaintiff stay until 10:00pm regularly, including

11   that day. Plaintiff refused and Dardar threatened Plaintiff by physically blocking her from leaving

12   the store. After Plaintiff left, Dardar confided in a co-worker that he was being too aggressive.

13   42.   At the end of January 2018, Defendant hired a new Sales Associate at the store. Dardar

14   gave the new employee explicit instructions to not go to Plaintiff for questions and to only go to

15   either Dardar to the Floor Supervisor. Under the management structure of the store, the Floor

16   Supervisor was supposed to report to Plaintiff. This was in despite Plaintiff's many years of

17   experience training Associates.

18   43.   In February 2018, Plaintiff went to a doctor because of intense migraines and related

19   nausea. The doctor wrote a note that the symptoms were related to stress from work.

20   44.   On March 22, 2018, Dardar and Eytcheson warned Plaintiff that she needed to work until

21   10:00 as part of her job duties. Plaintiff refused.

22   45.   On March 27, 2018, Plaintiff was fired.  The stated reason for termination was

23   insubordination.

**SECOND AMENDED COMPLAINT FOR DAMAGES - 6**          **Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969  Fax: 860-3172

1  46.   Plaintiff was 54 at the time of termination and all the GM's were under 40. Hiring

2  recommendations were made by Regional Manager Eytcheson.

3  47.   All GM's were men except GM Olsen, who had the shortest stay. Women felt

4  uncomfortable in the workplace because of Herrera and this was well known to the GM's and

5  Eytcheson.

6  48.   Plaintiff had the best record as acting GM as far as store profits and inventory loss.

7  49.   While there was no GM at the store from May to August of 2016 and May to November

8  of 2017, Plaintiff performed all the duties of the GM role.

9  50.   Defendant is responsible for the conduct of its employees under the doctrine of respondeat

10  superior.

11  51.   The above-referenced conduct is part of a pattern or practice of discrimination and

12  retaliation by Defendant.

13  52.   Defendant's actions as described above were willful and intentional and done with malice

14  or with reckless indifference to Plaintiff's rights as protected by federal civil rights laws.

15  **- FIRST CLAIM FOR RELIEF -**

16  **(Hostile Work Environment – Retaliation, Gender, Race, and Age)**

17  53.   Plaintiff re-alleges and incorporates by this reference all preceding paragraphs of this

18  Complaint.

19  54.   Plaintiff was 54 at the time of termination and is a woman of Hispanic/African-American

20  heritage or "race." She cooperated in an EEOC investigation against the Defendant and later filed

21  her own EEOC charge against the Defendant before her termination.

22  55.   As described herein, Defendants harassed Plaintiff and created a hostile working

23  environment in response to Plaintiff's protected actions, gender, race, and age in violation of Title

**SECOND AMENDED COMPLAINT FOR DAMAGES - 7**        **Teller & Associates, PLLC**
                                                    1139 34th Ave, Suite B
                                                    Seattle, WA 98122
                                                    (206) 324-8969  Fax: 860-3172

1  VII of the 1964 Civil Rights Act, 42 U.S.C. 2000e *et seq.*, 42 USC §1981, and RCW Chapter

2  49.60.

3  56.   The harassment was unwelcome to Plaintiff.

4  57.   The harassment was because of Plaintiff's protected actions, gender, race, and/or age.

5  58.   The harassment affected Plaintiff's terms or conditions of employment.

6  59.   The harassment culminated in tangible employment actions, including termination of her

7  employment.

8  60.   As a direct and proximate result of Defendants' actions, Plaintiff has suffered

9  noneconomic damages, including but not limited to, emotional distress, anger, humiliation, fear,

10  and anxiety, and is entitled to an award of noneconomic compensatory damages in an amount to

11  be determined by a jury at the time of trial.

12  61.   As a direct and proximate result of Defendants' actions, Plaintiff has suffered economic

13  damages, including but not limited to, lost earning capacity, loss of earnings, loss of benefits, loss

14  of job opportunities, damage to her professional reputation and other employment benefits, which

15  will likely continue to accrue, in an amount to be determined by a jury at the time of trial together

16  with interest and the amount necessary to offset the income tax consequences of the award.

17  62.   Defendants' actions were willful and intentional and done with malice or with reckless

18  indifference to Plaintiff's civil rights and that of others. Defendants acted for the purpose of

19  interfering with Plaintiff's employment, knowing that their actions would do so. Plaintiff is also

20  entitled to an award of punitive damages in an amount to be determined by a jury at the time of

21  trial.

22

23

**SECOND AMENDED COMPLAINT FOR DAMAGES - 8**     **Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969  Fax: 860-3172

1   63.   Defendants' violations caused Plaintiff's reasonable attorneys, expert fees, and costs,

2   recoverable pursuant to the above reference statutes, as well as the private attorney general theory

3   of recovery of reasonable attorney fees and costs in employment related cases.

4                              **- SECOND CLAIM FOR RELIEF -**

5          **(Failure to Promote – Retaliation, Gender, Race, and Age Discrimination)**

6   64.   Plaintiff further alleges that the Defendant has discriminated against the Plaintiff based on

7   her protected actions, gender, race, and/or age by hiring Mr. Dardar over her for General Manager

8   in 2017, and other managers previously.

9   65.   On information and belief, Plaintiff contends that Dardar and other managers were less

10   qualified than her, did not take part in protected activity, and is a man under the age of 40.

11   66.   Due to Plaintiff's protected activity, gender, race, and/or age, Defendant subjected

12   Plaintiff to discriminatory denial of promotional opportunities.

13   67.   Plaintiff prays for the following relief: back pay, front pay or reinstatement, compensatory

14   and punitive damage in an amount to be determined by the jury as fair and equitable. Further,

15   Plaintiff seeks all available other remedies, both equitable and injunctive, under applicable

16   statutes, including reinstatement to her position and/or to GM in place of Dardar or his

17   replacement and Court-mandated training and monitoring of Defendant Armani intended to repair

18   its civil rights compliance.

19   68.   Defendants' actions were willful and intentional and done with malice or with reckless

20   indifference to Plaintiff's civil rights and that of others. Defendants acted for the purpose of

21   interfering with Plaintiff's employment, knowing that their actions would do so. Plaintiff is also

22   entitled to an award of punitive damages in an amount to be determined by a jury at the time of

23   trial.

**SECOND AMENDED COMPLAINT FOR DAMAGES - 9**         **Teller & Associates, PLLC**
                                                        1139 34th Ave, Suite B
                                                        Seattle, WA  98122
                                                        (206) 324-8969  Fax: 860-3172

1    69.   Defendants' violations caused Plaintiff's reasonable attorneys, expert fees, and costs,

2    recoverable pursuant to statute as well as the private attorney general theory of recovery of

3    reasonable attorney fees and costs in employment related cases.

4                                   - THIRD CLAIM FOR RELIEF -

5                        (Discriminatory Termination and Wrongful Discharge)

6    70.   Plaintiff re-alleges and incorporates by this reference all preceding paragraphs of this

7    Complaint.

8    71.   As a result of Plaintiff's race, age, gender, her assistance with an EEOC investigation, and

9    her own EEOC complaint, Defendant discriminated against and harassed Plaintiff and terminated

10   her employment. Defendant took both tangible and adverse employment actions against Plaintiff,

11   including but not limited to failure to promote and job termination.

12   72.   Defendants' termination of Plaintiff's employment was substantially motivated by

13   Plaintiff's race, age, gender, her assistance with an EEOC investigation, and her own EEOC

14   complaint.

15   73.   As a direct and proximate cause of Defendant's actions, Plaintiff has suffered

16   noneconomic damages, including but not limited to, emotional distress, anger, humiliation, fear,

17   and anxiety, and is entitled to an award of nonenconomic compensatory damages in an amount to

18   be determined by a jury at the time of trial.

19   74.   As a direct and proximate cause of Defendant's actions, Plaintiff has suffered economic

20   damages, including but not limited to, loss of earning capacity, loss of earnings, loss of benefits

21   loss of job opportunities, damage to his professional reputation and other employment benefits,

22   which will likely continue to accrue, in an amount to be determined by a jury at the time of trial

23

**SECOND AMENDED COMPLAINT FOR DAMAGES - 10**        **Teller & Associates, PLLC**
                                                      1139 34ᵗʰ Ave, Suite B
                                                      Seattle, WA  98122
                                                      (206) 324-8969  Fax: 860-3172

1  together with interest and the amount necessary to offset the income tax consequences of the

2  award.

3      75.  Defendant's actions were willful and intentional and done with malice or with reckless

4  indifference. Defendants acted for the purpose of interfering with Plaintiff's employment,

5  knowing that its actions would do so. Plaintiff is also entitled to an award of punitive damages in

6  an amount to be determined by a jury at the time of trial.

7      76.  Defendant's violations caused Plaintiff's reasonable attorneys, expert fees, and costs,

8  recoverable pursuant to applicable statutes, including but not limited to RCW 49.48 and 49.52 as

9  well as the private attorney general theory of recovery of reasonable attorney fees and costs in

10  employment related cases.

11  **- FOURTH CLAIM FOR RELIEF -**

12  **(Violation of State and Federal Equal Pay Acts)**

13      77.  Plaintiff re-alleges and incorporates by this reference all preceding paragraphs of this

14  Complaint.

15      78.  While there was no General Manager at the store from May to August of 2016 and May to

16  November of 2017, Plaintiff performed all the duties of the GM role.

17      79.  On information and belief, Plaintiff was not paid the same as the General Manager for the

18  periods when she replaced male General Managers and was then replaced by male General

19  Managers.

20      80.  Plaintiff performed equal work to men but was not paid equally.

21      81.  Plaintiff was similarly employed as her mail predecessors and successors but was not paid

22  equally.  She was also deprived of career advancement opportunities in her employment as

23  compared to men despite her satisfactory performance.

**SECOND AMENDED COMPLAINT FOR DAMAGES - 11**    **Teller & Associates, PLLC**
1139 34ᵗʰ Ave, Suite B
Seattle, WA  98122
(206) 324-8969  Fax: 860-3172

82. Based on the facts as alleged herein, Plaintiff is also entitled to an award of liquidated damages and all other appropriate remedies referenced above and below.

### - FIFTH CLAIM FOR RELIEF -

### (Breach of Promises)

83. Plaintiff re-alleges and incorporates by this reference all preceding paragraphs of this Complaint.

84. Defendant, through posters, policies, implications, and other promises, made clear that if Plaintiff called the "Silent Witness Program" or other ethics or misconduct telephone 'hotlines' or utilized available 'open door policies' to report theft, ethical issues, or other misconduct, that she could remain anonymous and, separately, would not be subjected to retaliation for such complaints.

85. Defendant breached these promises by informing Mr. Herrera of Plaintiff's complaint or facts that allowed him to conclude she had complained about him.

86. Mr. Herrera retaliated against Plaintiff and Defendant failed to take action to enforce its promises of confidentiality and non-retaliation.

87. The above-referenced breach caused injury and damages to Plaintiff in the form of failure to promote, hostile working environment, and termination.

### - JURY DEMAND -

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiffs previously demanded a trial by jury as to all issues so triable in this action, which demand is reiterated here.

### - PRAYER FOR JUDGMENT -

**WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT AGAINST DEFENDANTS AS FOLLOWS AND ASKS THIS COURT TO:**

**SECOND AMENDED COMPLAINT FOR DAMAGES - 12**           **Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA 98122
(206) 324-8969  Fax: 860-3172

1. Find that Defendant discriminated against Plaintiff and on that basis ordering reinstatement and granting a permanent injunction enjoining Defendant from engaging in any other unlawful employment practices;

2. Order Defendant to institute and carry out policies, practices, and programs that are designed to eradicate the effects of its past and present unlawful employment practices;

3. Order Defendants to make Plaintiff whole by providing economic damages, including but not limited to, lost future earning capacity, back pay, front pay, lost benefits, and medical expenses, in an amount to be as proven at trial;

4. Order Defendant to make Plaintiff whole by providing noneconomic damages, including but not limited to, loss of enjoyment of life, pain and suffering, mental anguish, anger, emotional distress, and humiliation, in an amount to be determined at the time of trial;

5. Order prejudgment and post-judgment interest;

6. Order compensation for any tax penalty associated with a recovery;

7. Order punitive damages in an amount to be as determined by a jury at the time of trial;

8. Order liquidated damages in an amount to be determined at the time of trial;

9. Order Defendant to pay reasonable attorneys' fees and costs; and

10. Order any further and additional relief the court shall deem just and equitable.

Dated September 4, 2019

TELLER & ASSOCIATES, PLLC, by:

Stephen A. Teller, WSBA #23372
Attorney for Plaintiffs

**SECOND AMENDED COMPLAINT FOR DAMAGES - 13**

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969  Fax: 860-3172